In re **DORTHY.** (Supreme Court, Appellate Division, Fourth Department. June, 1896.) Proceeding to disbar John F. Dorthy. See 40 N. Y. Supp. 1141.

PER CURIAM. In the general term, held in Buffalo in June, 1895, the Rochester Bar Association presented charges against the defendant, supported by affidavits. The defendant interposed a general denial under his oath, and thereupon an order was made that Hon. Clarence A. Farnum be appointed a referee to take evidence, and report the same, with his opinion thereon. Pursuant to that order, the parties were heard before the referee at great length, and voluminous evidence was taken, and the referee has made a report, in which he sustains the 2d, 3d, 4th, 5th, 6th, 7th, and 8th charges. The referee's report and the evidence taken by him have been filed with the clerk of this court, and on the 10th day of April, 1896, the parties were heard in extenso in oral arguments, and briefs have been submitted in behalf of both sides. Section 67 of the Code of Civil Procedure provides as follows: "An attorney and counselor, who is guilty of any deceit, malpractice, crime or misdemeanor, or who is guilty of any fraud or deceit in proceedings by which he was admitted to practice as an attorney and counselor of the courts of record of this state, may be suspended from practice, or removed from office, by the appellate division of the supreme court." Section 68 of the Code of Civil Procedure provides that, viz.: "Before an attorney or counselor is suspended or removed as prescribed in the last section, a copy of the charges against him must be delivered to him, and he must be allowed an opportunity of being heard in his defense." Ample opportunity has been allowed the defendant to be heard in his defense. The evidence taken before the learned referee has been delivered to the court for examination, and it seems to support the findings made by the referee. The learned counsel for the defendant calls our attention to In re Husson, 26 Hun, 130. In that case it appeared that Husson had borrowed money from one of his clients, who had applied to him for advice as to investing it, and delivered mortgages to her to secure the repayment there-

of, and that he subsequently induced her to surrender and satisfy one of the mortgages to enable him to sell the property covered by it; he stating that he had plenty of other property, and could and would replace the mortgage by another just as good. He failed to do so, and his client applied for and procured an order requiring him to pay over the amount of the mortgage and the costs and expenses of the application, and providing that, in case he failed so to do, a warrant to arrest him as for a contempt should issue; and it was held that he did not receive the property in his professional character, and that the court erred in making the order. That was not a proceeding to disbar, and it was held that the remedy in that case was an ordinary action, and not a proceeding for contempt. We think the case has little application to the one now in hand. In Re Burd, 9 Wkly. Dig. 562, it appeared that there had been a conversion to his own use, by an attorney, of a sum of money delivered to him, as such, by his client, to be applied on a bond and mortgage outstanding against the client; and the concealment of such conversion was held to be a fraud and deception, which justified and required the disbarment of the attorney from practicing in the courts of the state. In disposing of the case the court observed: "It is our duty, therefore, not only to find the respondent guilty of fraud and deceit, alleged against him, but to hold that he is no longer worthy to be a member of the bar." In Re Eldridge, 82 N. Y. 161, an attorney had been guilty of improper conduct in respect to a deposition of a witness taken on commission, and of professional misconduct therein, more particularly stated, and the general term suspended him from practicing for a period of three years on account of the alleged professional misconduct. In reviewing that case, the opinion was delivered in the court of appeals by Finch, J., in confirmation of the action of the general term; and near the close of the opinion he said: "It is impossible not to feel sympathy for him in his struggle, and yet our plain duty is to shrink from no conclusion which the purity and integrity of the profession demands." The order of the general term was affirmed by the unanimous judgment of the court of appeals. That case was referred to with approval in Re ———, 86 N. Y. 564. In Matter of Charges against Opdyke, 143 N. Y. 528, 38 N. E. 963, the general term made an order removing the accused from the office of attorney and counselor at law for deceit and fraud in the practice of his profession. An order to show cause summoned the accused, who appeared, and the charges were denied by him on his appearance, pursuant to the order, and thereupon the matter was referred to a referee to take evidence in regard to the issues thus formed, and to report the evidence taken, together with the referee's opinion, to the court. The referee made a report, in which he made certain findings of fact which he regarded as established by such evidence, and thereupon the whole question was before the supreme court at general term upon the report of the referee, and the evidence taken; and the court, after hearing the parties, confirmed the referee's report, and removed the accused from the office of attorney and counselor at law. In that case the court came to the conclusion that the proof sustained the conclusions of fact arrived at by the referee, and in disposing of the case used language not inappropriate to be applied to the case now before us, viz.: "The testimony has been examined in this court without prejudice against the defendant, and with a most anxious desire upon our part to take as charitable a view of the evidence as could fairly be reconciled with the proper discharge of our duty in the matter. We are fully impressed with the great gravity of the case, and of the painful consequences to defendant which must follow our affirmance of the order of the supreme court. At the same time we cannot forget that it rests with the courts to aid and further the efforts on the part of the profession to maintain the honor and integrity of its own members, and, whenever a case is presented which shows that an individual member of that profession has been guilty of dishonest conduct in his professional character, it is the duty of the court, when the case is properly proved, to administer the proper punishment. This is not only justice to the profession itself, but is a protection to the public, which ought to be justified in its belief that any one holding a license to practice in the courts of this state is at least of good moral character, and fit to be intrusted with the duty of protecting the interests of others." Our conclusion is that the referee's report should be confirmed, and the defendant should be disbarred, and his license revoked. Order to be entered with the clerk in accordance with the conclusion stated in the opinion.